United States District Court
Southern District of Texas
**ENTERED**
March 31, 2020
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § § Plaintiff, § VS. § EARNEST GIBSON III, § § Defendant. § | CRIMINAL ACTION NO. H-12-600-1 |

## ORDER DENYING MOTION FOR INJUNCTION

Earnest Gibson III filed a motion for injunctive relief. His motion seeks an injunction barring the government from, among other things, using confidential sources, secret informants or agents, and "paying vulnerable elderly human beings to participate in any criminal activity." *See* Docket Entry No. 851.

There are four prerequisites for the extraordinary relief of a preliminary injunction. A court may grant a preliminary injunction only when the movant establishes that: (1) there is a substantial likelihood that the movant will prevail on the merits; (2) there is a substantial threat that irreparable harm will result if the injunction is not granted; (3) the threatened injury [to the movant] outweighs the threatened harm to the defendant; and (4) the granting of the preliminary injunction will not disserve the public interest. *Janvey v. Alguire*, 647 F.3d 585, 595 (5th Cir. 2011) (citing *Byrum v. Landreth,* 566 F.3d 442, 445 (5th Cir. 2009). The party seeking injunctive relief must prove each of the four elements before a preliminary injunction can be granted. *Bluefield Water Ass'n, Inc. v. City of Starkville, Miss.*, 577 F.3d 250, 253 (5th Cir. 2009).

Gibson's vague requests fail to identify the violation of any right, and therefore any likelihood of success on the merits, and fail to identify any irreparable harm. Gibson has not shown that he is entitled to injunctive relief. His motion, (Docket Entry No. 851), is denied.

SIGNED on March 31, 2020, at Houston, Texas.

_____
Lee H. Rosenthal
Chief United States District Judge